**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA**

**Alexandria Division**

|  |  |  |
|---|---|---|
| OLA MONTGOMERY, | ) | |
| Plaintiff, | ) | |
| v. | ) | Civil Action No. 04-1508 |
| MPR ASSOCIATES, INC., | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION**

The instant matter comes before the Court on Defendant's Motion for Summary Judgment. This case arises out of Defendant's decision to hire an outside candidate rather than Plaintiff for a vacancy in Defendant corporation.

Plaintiff is a black female and was 47 years of age during the period relevant to this Court's inquiry. She began working for Defendant as a secretary in 1990. In March 2002, Defendant's office manager submitted her resignation and Plaintiff, along with another employee, was selected by Defendant to serve as co-interim office manager. Plaintiff's compensation was increased accordingly.

In accordance with its administrative restructuring plan, Defendant decided to integrate the administrative duties of its principal officers with those of the office manager and create a new "office administrator" position. In order to find a

permanent occupant for the position, Defendant placed an advertisement in the Washington Post and convened a hiring committee consisting of six company employees. The advertisement described the duties associated with the position and stated that the candidate should possess, among others, the following qualifications: a Bachelor's degree in Business Administration or related field; five years or more of experience in an administrative position; at least two years of experience in a position with human resources responsibilities including compliance with labor regulations; supervisory experience; and a commitment to seeing that the duties and responsibilities of the position were completed correctly and efficiently. From the resumes received, Defendant selected four candidates to interview for the position. Among them were two internal candidates, including Plaintiff, and two external candidates. Patricia Lewis, one of the external candidates, was ultimately selected for the position. Ms. Lewis, is caucasian and was 37 at the time of her hire.

    Neither Plaintiff nor Lewis possessed all of the above qualifications. For example, Lewis did not have a college degree nor did she have experience with EEO and AAP compliance issues for government contractors. Similarly, Plaintiff did not possess two years of human resources experience, had no significant supervisory experience, and had no broad base of experience as an

office manager or administrator.

Plaintiff and the other candidates were interviewed individually by the hiring committee. On July 10, 2002, during her meeting with the committee, Plaintiff informed Mr. Robert Coward that she believed that she was being treated unfairly. She also claims that she repeated her complaint on July 29, 2002 during a subsequent meeting with two of the committee members regarding Defendant's decision to hire Lewis.

Following her apprisal of Defendant's hiring decision, Plaintiff filed a charge of discrimination with the Equal Opportunity Commission ("EEOC") on January 22, 2003, alleging age and race discrimination. The charge was dismissed and she received a right-to-sue letter. Accordingly, Plaintiff filed suit in this Court on December 15, 2004. Count One of the Complaint alleges discrimination on the basis of race, in contravention of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e et seq. (2003). Count Two alleges discrimination in violation of 42 U.S.C. § 1981 (2003). Count Three is a claim for age discrimination pursuant to 29 U.S.C. § 621 et seq. (1999), and Count Four alleges retaliation in violation of 42 U.S.C. § 2000e-3(a) and 29 U.S.C. § 623(d). Defendant now moves for summary judgment on all counts.

Rule 56 of the Federal Rules of Civil Procedure provides that summary judgment is appropriate when the moving party can

show "that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). A court must regard the evidence presented in the light most favorable to the non-moving party. See Smith v. Va. Commonwealth Univ., 84 F.3d 672, 675 (4th Cir. 1996) (en banc). When the non-moving party's evidence in opposition to a properly supported motion for summary judgment is merely "colorable," the court should grant summary judgment. Anderson v. Liberty Lobby, Inc. 477 U.S. 242, 249-50 (1986). Unsupported speculation by the non-moving party "cannot create a genuine issue of material fact." Beale v. Hardy, 769 F.2d 213, 214 (4th Cir. 1986).

Title VII prohibits an employer from "discriminat[ing] against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1). Title VII similarly proscribes the limitation, segregation, or classification of employees in any way that would "deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his status as an employee because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(2).

In order to establish a prima facie case of failure to

hire/promote under Title VII and Section 1981, a plaintiff must demonstrate, by a preponderance of the evidence, that she (1) is a member of a protected class; (2) applied for the position in question; (3) was qualified for the position; and (4) was rejected for the position under circumstances giving rise to an inference of unlawful discrimination. Honor v. Booz-Allen & Hamilton, Inc., 383 F.3d 180, 189 (4th Cir. 2004); Amirmokri v. Baltimore Gas and Elec. Co., 60 F.3d 1126, 1129 (4th Cir. 1995).[1]

Regarding Plaintiff's Title VII claim, as this Court finds no direct evidence of discrimination, the test articulated by the Supreme Court in McDonnell Douglas governs the present inquiry. McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802 (1973). Pursuant to that test, a plaintiff must first establish a prima facie case of discrimination and must do so by a preponderance of the evidence. Id. If the plaintiff succeeds in doing so, the burden then shifts to the employer to articulate a legitimate nondiscriminatory reason for its action. Id. Finally, once the employer articulates such a justification, the burden returns to the plaintiff to demonstrate that the reasoning propounded by the defendant is pretextual. Tex. Dep't of Cmty. Affairs v. Burdine, 450 U.S. 248, 253 (1981).

---

[1] The required elements of a prima facie case of employment discrimination are the same under Title VII and Section 1981. Gairola v. Commonwealth of Virginia Dep't of Gen. Servs., 753 F.2d 1281, 1285-86 (4th Cir. 1985).

5

For the reasons enumerated below, this Court finds that Plaintiff has failed to satisfy the third and fourth elements required to establish a prima facie case of discrimination. Specifically, she has not demonstrated that she was qualified for the position or that she was rejected for the position under circumstances that give rise to an inference of unlawful discrimination.

Assuming that she had established a prima facie case, Defendant has successfully articulated various legitimate nondiscriminatory reasons for its failure to hire Plaintiff for the new position.  For example, Lewis had a greater breadth of experience, supervisory and otherwise, than did Plaintiff.  Lewis was employed during the preceding eighteen months as the Office Manager at the Nuclear Threat Initiative where she was responsible for administrative operations, facilities management, human resources functions and also for the supervision of three employees.  In contrast, the undisputed facts demonstrate that Plaintiff's relevant experience was limited almost exclusively to human resources and that she possessed no supervisory experience.

The testimony of various members of the hiring committee reveals that during her interview, Lewis displayed a level of ambition and confidence that the principal officers found lacking in Plaintiff.  In fact, Plaintiff's own deposition testimony demonstrates that, in conversations with the principal officers,

6

Plaintiff expressed doubt as to whether she could successfully effect positive changes within the company and also as to the ability of one person to execute all of the duties associated with the new position.

Plaintiff's Opposition notes that Lewis did not possess a college education. However, the language in the advertisement was not mandatory and stated only that the applicant "should" have the qualifications enumerated therein. Also, Plaintiff did not possess all of the relevant qualifications. Plaintiff did not have two years of human resources experience, she had no significant supervisory experience, and the hiring committee had concerns regarding her communication skills. The fact that Defendant concluded, upon a holistic evaluation of all four candidates, that Lewis possessed the experience and ambition necessary to succeed in the position as office administrator, and selected her on that basis, is supported by the undisputed evidence and is plainly a nondiscriminatory reason for rejecting Plaintiff's application.

The prudence of internal personnel decisions is not a determination committed to the province of this Court; its inquiry is limited to whether Defendant's proffered reasons for an alleged failure to hire or promote are pretextual. Absent a showing by Plaintiff that the justifications propounded by Defendant are not worthy of credence, summary judgment is

appropriate. Plaintiff's subjective assessment that she was "more qualified" than Lewis is not dispositive; rather, "it is the perception of the decision maker which is relevant." Smith v. Flax, 618 F.2d 1062, 1067 (4th Cir. 1980). Plaintiff has adduced no competent evidence, beyond her own suppositions, to suggest that the foregoing reasons are pretextual.

With regard to Count Three, Plaintiff has failed to produce any evidence of age discrimination beyond the mere fact that the candidate hired was ten years younger. This fact, alone, is wholly insufficient to give rise to the inference that the hiring decision was the product of discrimination. As such, Plaintiff has failed to establish a prima facie case of age discrimination. Furthermore, for the reasons articulated above, Plaintiff has similarly failed to demonstrate that Defendant's legitimate, nondiscriminatory justifications for rejecting her application were pretextual and summary judgment is appropriate as to Count Three.

Plaintiff's evidence is similarly insufficient to establish a prima facie case for retaliation under Title VII. In order to do so, Plaintiff must demonstrate that she engaged in a protected activity; she suffered an adverse employment action after engaging in protected activity and; a causal connection exists between the protected activity and adverse employment decision. Beall v. Abbott Labs., 130 F.3d 614, 619 (4th Cir. 1997).  In

8

order to serve as the predicate for a Title VII retaliation claim, the employment action must adversely affect the terms, conditions, or benefits of a plaintiff's employment. <u>Von Gunten v. Md. Dep't of Env't</u>, 243 F.3d 858, 865 (4th Cir. 2001).

Plaintiff asserts that Defendant retaliated against her for lodging complaints of discrimination both informally, with the Defendant's principal officers, and also with the EEOC. In support of her claim, Plaintiff alleges that she was verbally admonished by a superior for performance inadequacies, that the principal officers refused to speak to her and ostracized her from the workplace, that a "derogatory" memo was placed in her personnel file, and that Lewis reduced her responsibilities. This Court finds that Plaintiff did not suffer any legally cognizable adverse employment action.

First, as a matter of law, the alleged actions of the principal officers do not constitute adverse employment actions as they had no demonstrable adverse effect on the terms, conditions, or benefits of Plaintiff's employment. <u>See</u> <u>id.</u> at 864-66; <u>see</u> <u>also</u> <u>Munday v. Waste Mgmt., Inc.</u>, 243 F.3d 239, 243 (4th Cir. 1997) (observing that "[i]n no case in this circuit have we found an adverse employment action to encompass a situation where the employer has instructed employees to ignore...an employee who engaged in protected activity without evidence that the terms, conditions, or benefits of her

9

employment were adversely affected.").

Further, a poor performance evaluation constitutes an adverse action only when relied upon as a basis for altering terms, conditions, or benefits of employment. Von Gunten, 243 F.3d at 867-68.  As Plaintiff has not demonstrated that the memo had any such effect on her employment, it fails to rise to the level of an adverse employment action.  With regard to the reduction in Plaintiff's responsibilities, Defendant has produced evidence demonstrating that the reduction was effected as part of a companywide effort to centralize the assignment of administrative duties to the office administrator.  In aid of that effort, the responsibilities of other employees were also reduced and thus Plaintiff's reliance on this fact as probative of retaliation is misplaced.  That reduction did not result in any commensurate decrease in compensation or other tangible benefit of employment.  The alleged instances of retaliation that form the basis for Plaintiff's claim clearly fall outside the ambit of those deemed actionable under Title VII and her claim fails as a matter of law.

Finally, a claim for retaliation requires a causal connection between a plaintiff's protected activity and the alleged adverse action.  This necessarily requires that the defendant have notice of a plaintiff's protected activity. Jackson v. State of Md., 171 F.Supp. 2d 532, 545-46 (D. Md.

2001). The alleged acts of retaliation occurred prior to Plaintiff's filing of the EEOC complaint on January 22, 2003. No one at Defendant company had notice that Plaintiff had filed a complaint with the EEOC until February 2003, when it received notice of the filing. No retaliatory action could have taken place before that date. The temporal discrepancy between the date of the protected activity and the alleged retaliatory actions further belies Plaintiff's allegations of retaliation and her claim must fail as a matter of law.

To the extent that Plaintiff claims that Defendant's failure to hire her occurred in retaliation for her internal complaints of discrimination, such an action may, under certain circumstances, constitute an adverse action for the purposes of a retaliation claim. However, this Court finds that the Defendant made a legitimate hiring decision and Plaintiff has failed to produce any evidence of discrimination in that decision. See Honor, 383 F.3d at 189; cf. Bryant v. Aiken Reg'l Med. Ctrs., 333 F.3d 536, 544 (4th Cir. 2003) (finding inference of retaliation where no legal justification existed for denial of promotion). As such, summary judgment is appropriate as to Count Four.

An appropriate Order shall issue.

_____

```
                                        /s/
                           _____
                           CLAUDE M. HILTON
                           UNITED STATES DISTRICT JUDGE
```

Alexandria, Virginia
August 16, 2005